Brett H. Ramsaur, Bar No. 281566
RAMSAUR LAW OFFICE
27075 Cabot Road, Suite 110
Laguna Hills, California 92653
Telephone:    949.200.9114
Facsimile:    949.222.3453
Email:    brett@ramsaurlaw.com

Attorneys for Plaintiff
Hazel Ortega

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ROSANA A. TORRES,<br><br>       Debtor.<br><br>───────────────────<br><br>HAZEL ORTEGA, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>ROSANA A. TORRES,<br><br>       Defendant. | Case No. 2:22-bk-11465-WB<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)** |

Plaintiff Hazel Ortega ("Plaintiff"), by and through her undersigned counsel, Ramsaur Law Office, alleges for her *Complaint to Determine Dischargeability of Debt under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)* (the "Complaint") against defendant Rosana A. Torres ("Torres" or the "Debtor") as follows:

/ / /

/ / /

/ / /

**JURISDICTION AND VENUE**

1.    This is an action to determine the dischargeability of debt under section[1] 523(a)(2)(A) and (a)(6) and is brought as an adversary proceeding in accordance with Rules 4007 and 7001.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4.    Venue is proper pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

5.    Plaintiff is an individual residing in Los Angeles County, California.  Plaintiff is a creditor of Torres.

6.    Plaintiff is informed and believes, and thereupon alleges, that Torres is, and at all times relevant herein was, an individual residing and/or doing business in Los Angeles County, California, and the chapter 7 debtor herein, as indicated in Torres' bankruptcy petition.

**GENERAL ALLEGATIONS**

A.    **Torres' Tortious Conduct and the Underlying Judgment**

7.    Plaintiff and Torres were friends.  Over time, Torres obtained multiple loans from Plaintiff, culminating in a large $400,000.00 loan in and around February 2019.  This loan was memorialized by written loan documents.

8.    Under the loan documents, Torres was required to make interest-only payments during the term of the loan with a final balloon payment of all principal and outstanding interest due by the maturity date of June 8, 2019.

9.    Torres failed to make any of the interest-only payments and failed to pay the loan in full upon maturity.

10.    In September 2019, Plaintiff sued Torres in Los Angeles County Superior Court,

---

[1]    Unless otherwise indicated, all chapter and section references are to Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101-1532.  All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, which incorporate the Federal Rules of Civil Procedure.

Case No. 19STCV33586 (the "State Court Action"), for breach of contract, fraud, theft and constructive trust.  In the complaint, Plaintiff alleged that Torres obtained the loan by fraud, had no intention of ever repaying the loan, did not use the loan proceeds as intended and otherwise contended that Plaintiff was a victim of theft under the California Penal Code.

11.     On March 12, 2020, Plaintiff obtained judgment (the "Judgment") against Torres in the State Court Action in the amount of $1,344,960.81 (comprising $1,200,000 in damages, $129,890.11 in prejudgment interest, $13,890.00 in attorneys' fees and $1,180.70 in costs).

12.     In obtaining the Judgment on all claims, including fraud, Plaintiff submitted evidence that Torres was perpetrating a "confidence scheme" in which she initially obtained and paid back smaller loan amounts to Plaintiff before obtaining a larger loan that she never intended to pay back.  Plaintiff submitted further evidence that Torres was, at the same time she was obtaining loans from Plaintiff, also obtaining numerous loans from other parties.  Plaintiff submitted further evidence showing that Torres was running over $1 million through a Bank of America bank account in one month, without any evidence to show that any of that money (which included the loan proceeds from Plaintiff) were being used to invest in commercial real estate, as was the stated promise and purpose of the loan.

13.     In addition, in obtaining the underlying Judgment in the State Court Action, Plaintiff submitted evidence that Torres was already being sued by a number of other parties, on substantially similar facts (i.e., fraudulently obtained loans), and had other judgments entered against her already.

14.     Based on this evidence, the Court entered the Judgment and awarded Plaintiff treble damages for theft under the California Penal Code, hence the final damage award of $1,200,000 (i.e., a treble award of Plaintiff's initial $400,000.00 in damages).

**B.     Torres' Multiple Bankruptcy Filings**

15.     In October 2021, to avoid collection of the Judgment, Torres filed a chapter 13 petition.  In her schedules, she failed to even list Plaintiff as a creditor.

16.     Amid heavy opposition to confirmation of her wholly deficient chapter 13 plan, Torres voluntarily dismissed her bankruptcy case on December 23, 2021.

17.     Torres was not deterred however.  On March 17, 2022, Torres filed a second chapter 13 case.  She once again failed to even list Plaintiff as a creditor in her schedules.

18.     On April 20, 2022, the Court converted Torres' second bankruptcy case to one under chapter 7 and Elissa Miller was appointed as chapter 7 trustee.

19.     As has borne out in her current case, Torres failed to list numerous creditors and claims in her petition, schedules and statements, and has otherwise completely failed to be forthright with information herein.

## **FIRST CAUSE OF ACTION**

### **(Objection to Discharge of Particular Debt – False Pretenses, False Representation or Actual Fraud -- 11 U.S.C. § 523(a)(2)(A))**

20.     Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this complaint as though fully set forth herein.

21.     Under section 523(a)(2)(A), an individual debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition."  11 U.S.C. § 523(a)(2)(A).

22.     Based on the above allegations, including without limitation any and all of the factual or legal findings made by the judge in the State Court Action in awarding the Judgment therein, Torres committed fraud against Plaintiff with respect to the $400,000.00 loan.

23.     Specifically, Torres represented to Plaintiff that she would pay back the loan, this statement and promise was false when made.

24.     Torres knew that this representation and/or promise was false when made.

25.     Torres had no intention of paying back the loan (i.e., she intended to deceive Plaintiff regarding that representation).

26.     Plaintiff relied on Torres' false representation and/or false promise.  In the absence of Torres' conduct, Plaintiff would not have agreed to make the subject loan.

27.     Plaintiff suffered damages as a result of Torres' conduct in an amount no less than $1,344,960.81 plus all accrued and accruing interest, attorneys' fees and costs to date.

28.     In committing the acts described above, Torres acted willfully, maliciously and with deliberate intent to deceive Plaintiff, and because of such conduct, Plaintiff is entitled to punitive and exemplary damages.

29.     Based on the foregoing and pursuant to section 523(a)(2)(A), Torres should not be granted a discharge of this debt owed to Plaintiff in the principal amount of no less than $1,344,960.81 plus all accrued and accruing interest, attorneys' fees and costs to date (in a total specific amount to be proven at trial), together with treble damages, accrued and accruing interest, court costs and reasonable attorneys' fees

## SECOND CAUSE OF ACTION

### (Objection to Discharge of Particular Debt – Debt Based on

### Willful and Malicious Injury – 11 U.S.C. § 523(a)(6))

30.     Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.     Under section 523(a)(6), an individual debtor is not discharged from any debt for a "willful and malicious injury."  11 U.S.C. § 523(a)(6).

32.     Based on the above allegations, Torres' conduct was tortious and amounted to fraud and/or theft under applicable nonbankruptcy law.

33.     Further, Torres engaged in the following willful and malicious acts, without limitation: (i) Torres misued her position of trust with Plaintiff; (ii) Torres mispresented the use of the loan proceeds, and actually used the stolen funds to purchase properties in which her family and friends could live rent free; and (iii) Torres misrepresented material facts.

34.     Plaintiff has sustained damage because of Torres' willful and malicious injury, with the amount due and owing under the Judgment currently exceeding $1.4 million.

35.     In committing the acts described above, Torres acted willfully, maliciously and with deliberate intent to deceive Plaintiff, and because of such conduct, Plaintiff is entitled to punitive and exemplary damages.

36.     Based on the foregoing and pursuant to section 523(a)(6), Plaintiff's Judgment against Torres should be excepted from Torres' discharge, along with any additional and further relief, punitive or otherwise, deemed necessary to except from Torres' discharge.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Torres as follows:

1.     A monetary judgment against Torres in an amount to be proven plus accrued and accruing interest, but in no event less than the full balance currently due and owing under the Judgment, which is no less than $1.5 million currently;

2.     An order determining that the debt represented by the Judgment owed to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

3.     An order determining that the debt represented by the Judgment owed to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6);

4.     An order awarding Plaintiff her reasonable attorneys' fees and costs incurred herein;

5.     An order awarding Plaintiff such additional and further relief as the Court deems just and appropriate under the circumstances, including but not limited to punitive and exemplary damages.

Dated: July 15, 2022                    RAMSAUR LAW OFFICE


By: /s/ Brett H. Ramsaur
     Brett H. Ramsaur

Attorneys for Plaintiff
Hazel Ortega

RAMSAUR LAW OFFICE
ATTORNEYS AT LAW
COSTA MESA, CALIFORNIA

- 6 -

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
27075 Cabot Road Ste 110 Laguna Hills, CA 92653

A true and correct copy of the foregoing document entitled: **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 15, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List.

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____-, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to Judge Julia W. Brand's Proceedings During Covid-19 Pandemic updated March 24, 2022, compliance with LBR 5005-2(d) is waived until further notice.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 15, 2022 | Martha Araki | /s/ Martha Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

**In re: Rosanna A Torres**                                                                **Bk Case No. 2:22-bk-11465-WB**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Attorneys for Debtor Rosanna A Torres:  **Thomas B Ure**:  tbuesq@aol.com; urelawfirm@jubileebk.net; tom@ecf.courtdrive.com
- Chapter 7 Trustee **Elissa Miller (TR):**  CA71@ecfcbis.com; MillerTrustee@gmlaw.com; C124@ecfcbis.com; Cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- Interested Party/Courtesy NEF:  **Arturo M Cisneros**:  arturo@mclaw.org
- Attorneys for Creditor US Bank National Association:  **Theron S Covey, Fanny Zhang Wan:**  tcovey@raslg.com; fwan@raslg.com; sferry@raslg.com
- Attorneys for Judgment Creditors Andrew Norris, Pornsavan Eamranond, Laura Cobb, and Keith Mullins**: Joshua T. Kluewer:**  jkluewer@kluewerlaw.com
- Interested Party/Courtesy NEF OKeefe & Assoc Law Corp PC**:  Sean A. O'Keefe**:  sokeefe@okeefelc.com; seanaokeefe@msn.com
- Attorneys for Creditor Hazel Ortega**:  Brett Ramsaur**:  brett@ramsaurlaw.com; paralegal@ramsaurlaw.com
- Attorneys for Creditor Civic Real Estate Holdings III, LLC**:  Reilly D Wilkinson**:  rwilkinson@scheerlawgroup.com; rwilkinson@ecf.courtdrive.com
- **United States Trustee (LA)**:  ustpregion16.la.ecf@usdoj.gov
- 

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**